# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

PATRICK TORRENCE,

        Petitioner,

    v.

WILLIAM LAPINSKAS,

        Respondent.

Case No. 3:15-cv-00134-SLG

## ORDER RE COMBINED MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

Before the Court at Docket 32 is Respondent William Lapinskas's Combined Motion to Dismiss, Motion for Summary Judgment, and Answer to the First Amended Petition. The motions are fully briefed.[1] Oral argument was not requested and was not necessary to the Court's determination of the motions.

Mr. Torrence's First Amended Petition for Writ of Habeas Corpus raises the following two arguments:

1. The evidence at trial was insufficient to establish Mr. Torrence's guilt beyond a reasonable doubt on the kidnapping and sexual assault charges, in violation of Mr. Torrence's right to a fair trial and proof of guilt on the essential elements of the charged offense, see Jackson v. Virginia, 443 US 307 (1979).

2. The prosecutor's failure to present exculpatory evidence to the grand jury violated Mr. Torrence's right to due process, see Rose v. Mitchell, 443 U.S. 545, 557 (1979 (14th Amendment due process applies to grand jury procedures in states).[2]

---

[1] Docket 33 (Resp't Mem.); Docket 35 (Torrence Opp'n); Docket 43 (Reply); Docket 44 (Torrence Notice).

[2] Docket 29 (First Am. Pet.) at 6.

Respondent maintains that the amended petition should be dismissed because it fails to provide sufficient facts to support Mr. Torrence's claims, as required by Habeas Rule 2(c). Respondent also argues that because Mr. Torrence did not adequately present these federal claims to the Alaska Court of Appeals, he is now precluded from asserting these claims in state court. Finally, Respondent maintains that even if Mr. Torrence's claims are not procedurally defaulted, "[Mr.] Torrence's petition fails to establish that the Alaska Court of Appeals unreasonably applied clearly established federal law" to either claim.[3]

Mr. Torrence responds that his amended petition adequately notifies Respondent of the claims raised on federal habeas review. And because the federal due process standard for sufficiency of the evidence is identical to the Alaska standard, Mr. Torrence argues they are interchangeable; thus, he maintains that by making his argument under Alaska law, he fairly presented his federal claim on that topic to the Alaska state courts. As for his federal grand jury claim, Mr. Torrence maintains that he fairly presented his claim to the state court by citing to the Fifth and Fourteenth Amendments of the U.S. Constitution. Finally, Mr. Torrence argues that because neither claim is "palpably incredible" or "patently frivolous," summary dismissal is inappropriate and the Court "should set a briefing scheduling in accordance with the Local Rules Governing Section 2254 proceedings."[4]

---

[3] Docket 32 at 5–8; Docket 33 at 2, 3.

[4] *See* Docket 35.

Case No. 3:15-cv-00134-SLG, *Torrence v. Lapinskas*
Order re Combined Motion to Dismiss & Motion for Summary Judgment
Page 2 of 14

**DISCUSSION**

**1. Habeas Rule 2(c)**

As an initial matter, Respondent argues that Mr. Torrence's petition should be dismissed for failure to comply with Habeas Rule 2(c). That rule requires that a petition (1) "must specify all the grounds for relief available to the petitioner," and (2) must "state the facts supporting each ground."[5] "Notice pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"[6] A petitioner must state specific, particularized facts, which entitle him to habeas corpus relief for each ground identified. "These facts must consist of sufficient detail to enable a court to determine, from the facts of the petition alone, whether the petition merits further habeas corpus review."[7]

Respondent argues that Mr. Torrence's amended petition fails to comply with Rule 2(c) because it does not state the facts supporting each of Mr. Torrence's claims.[8] Respondent adds, "[t]o the extent that Torrence might raise different claims or might rely on legal theories or evidence different from those upon which he relied in his state court briefings, the State has insufficient notice of such claims to provide a response."[9]

On review, the Court finds that Mr. Torrence's amended petition adequately

---

[5] Rule 2(c), 28 U.S.C. foll. § 2254.

[6] Advisory Committee Note to Rule 4, Rules Governing Section 2254 Cases; *see also Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977).

[7] *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990).

[8] Docket 32 at 5–7.

[9] Docket 32 at 8.

Case No. 3:15-cv-00134-SLG, *Torrence v. Lapinskas*
Order re Combined Motion to Dismiss & Motion for Summary Judgment
Page 3 of 14

informs Respondent of the supporting facts on which it relies.  Regarding Mr. Torrence's sufficiency of the evidence claim, the amended petition asserts that the Alaska Court of Appeals unreasonably applied clearly established federal law when it failed to find that "the evidence at trial was insufficient to establish Mr. Torrence's guilt beyond a reasonable doubt on the kidnapping and sexual assault charges."[10]  Regarding the grand jury claim, Mr. Torrence alleges that "the prosecutor had failed to present exculpatory evidence to the grand jury that Torrence had handed C.T. the firearm prior to having sex, and that C.T. had placed the firearm on the floor."[11]  The facts alleged in Mr. Torrence's amended petition adequately inform Respondent of the nature of the claims, such that dismissal on this basis is unwarranted.

### 2. Procedural Default

Respondent next argues that Mr. Torrence failed to fairly present his federal claims to the state court, and as a result, he failed to exhaust those claims and is now procedurally defaulted from asserting these federal claims in state court.

Exhaustion of a federal claim for federal habeas review requires that a petitioner fairly presented his claim to each of the state courts.  "Fair presentation requires that the petition 'describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'"[12]

---

[10] Docket 29 at 6; *compare with Gonzalez v. Yates,* No. C 11-02670 JSW PR, 2013 WL 1451163, at *14 (N.D. Cal. Apr. 9, 2013) (finding that petitioner did not adequately plea his insufficient evidence claim because he failed to specify which conviction he was challenging).

[11] Docket 29 at 2.

[12] *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (quoting *Kelly v. Small*, 315 F.3d 1063,

Case No. 3:15-cv-00134-SLG, *Torrence v. Lapinskas*
Order re Combined Motion to Dismiss & Motion for Summary Judgment
Page 4 of 14

The procedural default rule bars consideration of a federal claim that has not been presented to the state court when "it is clear that the state court would hold the claim procedurally barred."[13] Accordingly, if state court remedies are no longer available, a petitioner's federal claims that were never presented to the state court may be procedurally defaulted in such circumstances.

*a. Sufficiency of the Evidence*

Respondent argues that Mr. Torrence's federal sufficiency of the evidence claim has been procedurally defaulted because Mr. Torrence failed to exhaust this claim in state court and state court remedies are no longer available. Mr. Torrence concedes that he referenced only Alaska law when arguing this claim on direct appeal in state court; but he maintains that citation to federal authority is unnecessary because the Alaska and federal standards for sufficiency of the evidence claims are identical. Mr. Torrence argues that because the standards are identical, his reliance on state law also "fairly presented" this federal constitutional claim; thus, this federal claim is sufficiently exhausted.[14]

Respondent does not contest that the federal and state standards for insufficiency of the evidence are identical.[15] However, Respondent argues that in state court Mr. Torrence advocated for a completely different standard from both the state and federal standard, and that the Ninth Circuit case law relied upon by Mr. Torrence is inapplicable

---

1066 (9th Cir. 2003)).

[13] *Cassett v. Steward*, 406 F.3d 614, 621 n.5 (9th Cir. 2005) (quoting *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002)).

[14] Docket 35 at 6–7 (citing *Sanders v. Ryder*, 342 F.3d. 991, 1000–1001 (9th Cir. 2003), *cert. denied*, 541 U.S. 956 (2004)).

[15] *See* Docket 33 at 24–25; Docket 43 at 3–6.

Case No. 3:15-cv-00134-SLG, *Torrence v. Lapinskas*
Order re Combined Motion to Dismiss & Motion for Summary Judgment
Page 5 of 14

in his case.[16]

In *Duncan v. Henry*, the Supreme Court left unresolved the question of whether a claim can be properly exhausted when it is unclear from the petition whether the petitioner is relying on a state or federal standard, and the two standards are the same.[17] After *Duncan* was decided, the Ninth Circuit in *Sanders v. Ryder* held that a federal ineffective assistance of counsel claim was properly exhausted in the state courts where the Washington state courts had analyzed the ineffective assistance claim under the *Strickland* standard, which was the standard applicable under both state and federal law.[18] In *Sanders*, the Ninth Circuit found it significant both that the petitioner was self-represented and that he had made it "abundantly clear" in a reply brief filed in the state appellate court "that his ineffective assistance of trial counsel claim was a federal claim."[19] The Ninth Circuit has not applied *Sanders* to instances, such as this case, where the petitioner was represented by counsel in the state court and cited there only to state law. To the contrary, in *Cook v. Schriro*, the Ninth Circuit held that "[e]xclusive citation to . . . state court cases in a counseled petition for review is not sufficient to give a 'fair opportunity' to the [state court] to decide a federal claim."[20]

---

[16] Docket 43 at 3–6 (citing *Peterson v. Lampert*, 319 F.3d 1153 (9th Cir. 2003) (en banc)).

[17] *Duncan v. Henry*, 513 U.S. 364, 365–66 (1994) (federal due process claim not exhausted because state and federal standards were only similar and not identical or functionally identical).

[18] *Sanders*, 342 F.3d at 999–1000.

[19] *Sanders,* 342 F.3d at 1001.

[20] 538 F.3d 1000, 1029 (9th Cir. 2008) (citing *Peterson*, 319 F.3d at 1159); *Galvan v. Alaska Dept. of Corrections*, 397 F.3d 1198, 1204 (9th Cir. 2005) ("If a party wants a state court to decide whether she was deprived of a federal constitutional right, she has to say so.").

Case No. 3:15-cv-00134-SLG, *Torrence v. Lapinskas*
Order re Combined Motion to Dismiss & Motion for Summary Judgment
Page 6 of 14

Mr. Torrence was represented by counsel in his briefing to the Alaska Court of Appeals and in his petition to the Alaska Supreme Court.[21] In both instances, Mr. Torrence cited only state law for his insufficiency of the evidence claim.[22] He conducted a thorough analysis under state law and distinguished his case from *Reynolds v. State*, where the Alaska Court of Appeals held there was sufficient evidence to establish that the defendant kidnapped and committed first-degree sexual assault against the victim.[23] Mr. Torrence's Petition for Review to the Alaska Supreme Court does not apply or even cite the U.S. Constitution or any federal case law on this claim, and there is no indication that Mr. Torrence was implicitly making a federal claim. Rather, a fair reading of Mr. Torrence's counseled petition to the Alaska Supreme Court is that he was arguing that the evidence at trial was insufficient under a novel standard he proposed under state law.[24] Accordingly, the Court finds that Mr. Torrence did not fairly present his federal sufficiency of the evidence claim to the state courts.

Mr. Torrence is now procedurally barred from returning to state court to assert this federal claim. AS 12.72.020(a)(3)(A) bars an application for post-conviction relief if one

---

[21] *See* Docket 32-4 (Ct. of Appeals Br.); Docket 32-7 (Alaska Supreme Ct. Pet.).

[22] *See* Docket 32-4; Docket 32-7.

[23] Docket 32-4 at 29 (citing *Reynolds v. State*, 664 P.2d 621 (Alaska App. 1983)).

[24] As the Court of Appeals explained, "Torrence's argument hinges on viewing the evidence in the light most favorable to himself. But when we assess the sufficiency of the evidence to support a criminal conviction, the law requires us to view the evidence (and all inferences that could reasonably be drawn from that evidence) in the light most favorable to upholding the jury's verdict. Viewing the evidence in that light, it was sufficient to support Torrence's conviction." *Torrence v. State*, No. A-10785, 2013 WL 1283396, at *2 (Alaska Ct. App. Mar. 27, 2013) (citing *Iyapana v. State,* 284 P.3d 841, 848–49 (Alaska App. 2012); *Morrell v. State,* 216 P.3d 574, 576 (Alaska App. 2009)).

Case No. 3:15-cv-00134-SLG, *Torrence v. Lapinskas*
Order re Combined Motion to Dismiss & Motion for Summary Judgment
Page 7 of 14

year has passed since a final decision on appeal, notwithstanding two exceptions not applicable here.[25] Here, the Alaska Court of Appeals issued its final decision in *Torrence v. State* on March 27, 2013, and the Alaska Supreme Court denied Mr. Torrence's petition for rehearing on May 28, 2013.[26] More than four years have passed since that order. AS 12.72.020(a)(6) also bars a successive application for post-conviction relief. Mr. Torrence has previously filed an application with the state superior court.[27] If Mr. Torrence attempted to return now to state court on his insufficiency of the evidence claim, he would be procedurally barred by state law from proceeding at this time.

"A federal claim that is defaulted in state court pursuant to an adequate and independent procedural bar may not be considered in federal court unless the petitioner demonstrates cause and prejudice for the default, or shows that a fundamental miscarriage of justice would result if the federal court refused to consider the claim."[28] Here, Mr. Torrence has not demonstrated cause or prejudice for the default nor has he shown that a fundamental miscarriage of justice would result if this Court declined to consider his federal insufficiency of evidence claim. The Court will not consider the claim for the first time on federal habeas review. Respondent's motion to dismiss this claim will be granted.

---

[25] *See* AS 12.72.020(b)(1) and (b)(2) (exceptions).

[26] Docket 32-9.

[27] *See* Docket 32-10 (Order Regarding Mot. to Re-Open Post-Conviction Relief) at 1.

[28] *Cassett v. Steward*, 406 F.3d 614, 621 n.5 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Case No. 3:15-cv-00134-SLG, *Torrence v. Lapinskas*
Order re Combined Motion to Dismiss & Motion for Summary Judgment
Page 8 of 14

### *b. Exculpatory Evidence Claim*

Respondent also argues that Mr. Torrence did not fairly present a federally based exculpatory evidence claim to the state courts.[29] Mr. Torrence responds that in his opening brief before the Alaska Court of Appeals, he "argued that the prosecution's failure to inform the grand jurors that Torrence gave C.T. the gun prior to sexual intercourse violated his due process right" to a fair and impartial grand jury, and he specifically cited "to the Fifth and Fourteenth Amendments."[30] And Mr. Torrence notes that in his petition to the Alaska Supreme Court, he again argued that "[t]he errors violated Torrence's due process right to a fair and impartial grand jury."[31]

In *Galvan v. Alaska Department of Corrections,* the Ninth Circuit affirmed the district court's dismissal of a habeas petition for failure to exhaust state remedies.[32] There, Ms. Galvan had petitioned the Alaska Supreme Court for review of her ineffective assistance of counsel claim. The petition included twelve citations, all but one of which were to decisions of the Alaska Supreme Court and Alaska Court of Appeals. The sole federal citation was to a Fourth Circuit case that was cited in support of Ms. Galvan's argument that her lawyer performed below the Alaska minimum standard. The Ninth Circuit held "[t]he problem with Galvan's argument is not particularly the sparseness of federal law in her petition to the Alaska Supreme Court . . . [but] the context in which

---

[29] Docket 33 at 37.

[30] Docket 35 at 8 (citing Docket 32-4 at 42 n.37).

[31] Docket 32-7 at 11 (citing Docket 32-7 at 11 n.20).

[32] 397 F.3d 1198 (9th Cir. 2005).

Case No. 3:15-cv-00134-SLG, *Torrence v. Lapinskas*
Order re Combined Motion to Dismiss & Motion for Summary Judgment
Page 9 of 14

Galvan cited her sole federal authority."³³

The Ninth Circuit's holding in *Galvan* indicates that a single citation to federal authority, may, in the right context, be sufficient to fairly present a federal claim. The key consideration is whether the petitioner has done enough to "alert the state court to the fact that the relevant claim is a federal one."³⁴

Here, Mr. Torrence's filings in the state courts cited the Fifth and Fourteenth Amendments of the U.S. Constitution in the context of his grand jury claim. The Court finds that Mr. Torrence's citation to the two amendments of the U.S. Constitution was sufficient to alert the state court to the federal nature of his claim. Accordingly, Mr. Torrence adequately exhausted his exculpatory evidence claim for purposes of federal habeas review.

### 3. Exculpatory Evidence Claim

Mr. Torrence does not address the merits of his exculpatory evidence claim, but requests that this Court set a briefing schedule to address the substance of that claims. He maintains that his petition "clearly asserts violations of federal law for which relief is available, and given the sharp factual disagreements between the parties, summary disposition is improper."³⁵ Respondent, however, argues that the U.S. Constitution "does

---

³³ *Galvan*, 397 F.3d at 1204.

³⁴ *Galvan*, 397 F.3d at 1204; *Lyons v. Crawford*, 232 F.3d 666, 668–669 (9th Cir. 2000), *opinion amended and superseded*, 247 F.3d 904 (9th Cir. 2001); *cf. Baldwin v. Reese*, 541 U.S. 27, 32 (2004) ("A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies on a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'").

³⁵ Docket 35 at 9.

Case No. 3:15-cv-00134-SLG, *Torrence v. Lapinskas*
Order re Combined Motion to Dismiss & Motion for Summary Judgment
Page 10 of 14

not guarantee presentation of exculpatory evidence to a state grand jury," and thus, Mr. Torrence's grand jury claim should be dismissed.[36]

Mr. Torrence's direct appeal in the state court asserted that the prosecutor's failure to present exculpatory evidence to the grand jury violated his right to due process under both the Fifth and Fourteenth Amendment of the U.S. Constitution, as well as under state law. On this point, the Alaska Court of Appeals held:

> Evidence is "exculpatory" for purposes of the *Frink* rule only if the evidence "tends, in and of itself, to negate the defendant's guilt." *Cathey v. State*, 60 P.3d 192, 195 (Alaska App. 2002). Given the circumstance of C.T.'s hours-long abduction, and Torrence's repeated threats to kill C.T., the fact that Torrence temporarily relinquished control of the gun to C.T., and encouraged C.T. to shoot him, does not constitute exculpatory evidence for purposes of *Frink*. More specifically, it does not substantially undercut the State's allegation that Torrence coerced C.T. to engage in sexual intercourse with him.[37]

Thus, the Alaska Court of Appeals decided the claim on the state law ground that the evidence was not exculpatory, a determination that is outside the scope of federal habeas review.[38]

"District courts adjudicating habeas petitions under § 2254 are instructed to summarily dismiss claims that are clearly not cognizable. Rule 4 of the Rules Governing § 2254 Cases in the United States District Court provides that district courts 'must dismiss' a petition '[i]f it plainly appears from the petition and any attached exhibits that the

---

[36] Docket 33 at 42.

[37] *Torrence v. State*, No. A-10785, 2013 WL 1283396, at *5 (Alaska Ct. App. Mar. 27, 2013) (citing *Frink v. State*, 597 P.2d 154, 164–65 (Alaska 1979)).

[38] *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of the federal habeas court to reexamine state-court determinations on state-law questions.").

Case No. 3:15-cv-00134-SLG, *Torrence v. Lapinskas*
Order re Combined Motion to Dismiss & Motion for Summary Judgment
Page 11 of 14

petitioner is not entitled to relief in the district court.'"[39]

Here, Mr. Torrence's claim regarding a right to have exculpatory evidence presented to the grand jury is not a cognizable federal constitutional claim. To the contrary, is clearly established that there is no Fifth Amendment right to have exculpatory evidence presented to a grand jury.[40] In *United States v. Williams*, a federal defendant challenged his indictment on the ground that the prosecutor failed to disclose exculpatory evidence to the grand jury.[41] The Supreme Court ruled that there was no such federal constitutional duty, reasoning that "requiring the prosecutor to present exculpatory as well as inculpatory evidence would alter the grand jury's historical role, transforming it from an accusatory to an adjudicatory body."[42] The Supreme Court added, "It is axiomatic that the grand jury sits not to determine guilt or innocence, but to assess whether there is adequate basis for bringing a charge."[43] The Supreme Court reversed the district court's dismissal of the indictment because "[i]mposing upon the prosecutor a legal obligation to present exculpatory evidence in his possession would be incompatible with this system."[44]

Moreover, the Fourteenth Amendment does not impose the requirement of

---

[39] *Clayton v. Biter*, No. 15-71566, 2017 WL 3585645, at *5 (9th Cir. Aug. 21, 2017).

[40] *Kaley v. United States*, 134 S.Ct. 1090, 1097 (2014) ("'[T]he whole history of the grand jury institution' demonstrates that 'a challenge to the reliability or competence of the evidence' supporting a grand jury's finding of probable cause 'will not be heard.'") (quoting *United States v. Williams*, 504 U.S. 36, 54 (1992)).

[41] *Williams*, 504 U.S. at 36.

[42] *Id.* at 37.

[43] *Id.* at 51.

[44] *Id.* at 52.

Case No. 3:15-cv-00134-SLG, *Torrence v. Lapinskas*
Order re Combined Motion to Dismiss & Motion for Summary Judgment
Page 12 of 14

indictment by grand jury upon the states.[45]  Here, Mr. Torrence had an independent state right to have exculpatory evidence presented under Alaska law.  But "federal habeas corpus relief does not lie for errors of state law."[46]  Therefore, even if the state court had erred on this point, no federal constitutional violation occurred.[47]

Mr. Torrence's amended petition cites *Rose v. Mitchell* in support of his assertion that "[t]he prosecutor's failure to present exculpatory evidence to the grand jury violated Mr. Torrence's right to due process[.]"[48]  But *Rose* is not on point.  In *Rose*, the Supreme Court held then when a state elects to indict by grand jury, then a defendant's due process rights are violated if "he is indicted by a grand jury from which members of a racial group purposefully have been excluded."[49]  *Rose* did not address whether a prosecutor must produce exculpatory evidence to the grand jury.  Rather, as clearly articulated by the Supreme Court in *Williams* and its progeny, the federal Constitution does not mandate the disclosure of exculpatory evidence at grand jury proceedings.  Because Mr. Torrence has no cognizable federal claim on this point, summary dismissal is warranted.

---

[45] *Jeffries v. Blodgett*, 5 F.3d 1180, 1188 (9th Cir. 1993) (citing *Hurtado v. California*, 110 U.S. 516 (1884)).

[46] *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (quoting *Estelle v. Maguire*, 502 U.S. 62, 67 (1991)).

[47] *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) ("The district court may enter an order for the summary dismissal of a habeas petition 'if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court….'") (citations omitted).

[48] Docket 29 at 6 (citing *Rose v. Mitchell*, 443 U.S. 545, 557 (1979)).

[49] *Rose*, 443 U.S. at 556.

Case No. 3:15-cv-00134-SLG, *Torrence v. Lapinskas*
Order re Combined Motion to Dismiss & Motion for Summary Judgment
Page 13 of 14

## CONCLUSION

In light of the foregoing, Respondent's Motion to Dismiss at Docket 32 is GRANTED, and the Motion for Summary Judgment is moot. Accordingly, Mr. Torrence's petition for habeas corpus at Docket 1 and amended petition at Docket 29 are each DISMISSED.

The Court further finds that Mr. Torrence has not "made a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), and therefore a certificate of appealability will not be issued by this Court.[50] Mr. Torrence may request a certificate of appealability from the Ninth Circuit Court of Appeals.[51]

The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 11th day of September, 2017.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[50] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a certificate of appealability may be granted only if the applicant has made "a substantial showing of the denial of a constitutional right," i.e., a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (internal quotation marks and citations omitted)).

[51] Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

Case No. 3:15-cv-00134-SLG, *Torrence v. Lapinskas*
Order re Combined Motion to Dismiss & Motion for Summary Judgment
Page 14 of 14